HENRY EVANS, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 10, 1898.

Common Carriers: DAMAGES: INSTRUCTIONS. The verdict being for the right party and the instructions being proper, and the defendant at the trial asking no further direction of the jury in regard to damages, the judgment is affirmed.

*Appeal from the Cole Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*W. S. Shirk* for appellant.

(1)   There is no substantial evidence to support the verdict.   In arriving at their verdict, the jury were left entirely without evidence by which to estimate or calculate the amount of plaintiff's damages, if any. *McCartey v. Hagin*, 42 Mo. App. 619; *Peck v. R'y*, 31 Mo. App. 123; *State v. Lowe*, 93 Mo. 547; *Wright v. R'y*, 20 Mo. App. 481; *Brewery Co. v. Prodeman*, 12 Mo. App. 573; *Kick v. Doerste*, 45 Mo. App. 134, 140, 141; *Matney v. The Gregg Bros. Co.*, 19 Mo. App. 107, 112, 113; *Schaub v. R'y*, 106 Mo. 74; *Goss v. R'y*, 50 Mo. App. 614.   (2) The damages assessed by the jury are grossly excessive.   Under no view of the evidence could they have exceeded $25.   Such a flagrant verdict will always be set aside.   *Sawyer v. R'y*, 37 Mo. 240, 264; *Waldere v. R'y*, 87 Mo. 37; *Adams v. R'y*, 100 Mo. 555.

*Pope & Belch* for respondent.

The respondent insists there is no error.   The court confined the deliberations of the jury to the actual damage plaintiff sustained and they were to arrive at it from all the testimony in the case.   The verdict was not exorbitant.

ELLISON, J.—This action is for damages alleged to have been sustained by plaintiff by reason of defendant failing to deliver certain goods, wares and merchandise shipped by plaintiff over defendant's road from Jefferson City to California, Missouri.   The failure to deliver was on account of defendant carrying the goods to a station beyond California.   The goods were intended for sale through successive days and had been so advertised by plaintiff.   The first of these days was Saturday, but on account of the delay the sale did not

begin until Monday. The judgment was for plaintiff in the sum of $100.

The only point made in the case is that the verdict was excessive and that the court did not particularize the items or matters of damage in an instruction for plaintiff. That is to say, it was too vague and indefinite. Defendant did not ask any instructions.

In our opinion the judgment was clearly for the right party. The evidence was sufficient to sustain it. The instruction for plaintiff was not erroneous. Defendant, it seems, did not desire any further direction to the jury, since nothing was asked.

Affirmed. All concur.